**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARDIAL SINGH; RAJBIR SINGH, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | Nos. 06-72831 <br> 06-75541 <br><br> Agency Nos. A095-630-059 <br> A095-630-060 <br><br> MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009**

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

In these consolidated cases, Hardial Singh and his son, Rajbir Singh, natives

and citizens of Indonesia, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

JT/Research

denying their application for asylum and withholding of removal (No. 06-72831), and the BIA's order denying Rajbir Singh's motion to reopen removal proceedings (No. 06-75541). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we review for abuse of discretion the denial of a motion to reopen, and we review de novo ineffective assistance of counsel claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part petition No. 06-72831, and we deny petition 06-75541.

The record does not compel the conclusion that changed circumstances excused the untimely filing of petitioners' asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, petitioners' asylum claim fails.

Substantial evidence supports the agency's determination that petitioners failed to establish past persecution because the harms they personally suffered did not rise to the level of persecution, *see Wakkary*, 558 F.3d at 1059-60, and they failed to establish that their family members were persecuted on account of a protected ground, *see Padash v. INS*, 358 F.3d 1161, 1166-67 (9th Cir. 2004). We lack jurisdiction to consider petitioners' contention that they are entitled to withholding of removal as members of a disfavored group because they did not

raise the issue in their brief to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Petitioners failed to establish they face a clear probability of future persecution otherwise. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003). Accordingly, their withholding of removal claim fails.

We reject petitioners' ineffective assistance of counsel claim because any deficiencies in counsel's representation did not prejudice them. *See Castillo-Perez v. INS*, 212 F.3d 518, 527 n.12 (9th Cir. 2000) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

We lack jurisdiction to consider petitioners' contention that the agency failed to consider reports they submitted regarding the rise of Islamic terrorism in Indonesia because they did not exhaust it. *See Barron*, 358 F.3d at 678.

Finally, Rajbir Singh waived any challenge to the BIA's denial of his motion to reopen by failing to address it in the opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (challenge to denial of motion to reopen not discussed in body of the opening brief was waived).

**No. 06-72831: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 06-75441: PETITION FOR REVIEW DENIED.**